UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DEAN ANGRIMSON, | Case No. 17-CV-1828 (DSD/DTS) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| STATE OF MINNESOTA,[1] | |
| Defendant. | |

Plaintiff Dean Angrimson did not pay the filing fee for this action, but instead applied for *in forma pauperis* ("IFP") status. *See* ECF No. 2. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review of the IFP application, this Court concludes that Angrimson qualifies financially for IFP status. Nevertheless, an action may be dismissed when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable

---

[1] No defendant is named in the complaint or in the cover sheet appended to the complaint. In his application to proceed *in forma pauperis*, however, plaintiff Dean Angrimson lists the State of Minnesota as the defendant to this action. *See* ECF No. 2 at 1.

inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Angrimson's complaint fails to state a claim on which relief may be granted. Indeed, it is difficult to tell from the complaint what this lawsuit is even about.[2] No defendant is named in the pleading, no federal cause of action is mentioned, and the few factual allegations provided by Angrimson are difficult to decipher. There is simply no basis from the complaint for concluding that anyone has violated federal law with respect to Angrimson. Accordingly, it is recommended that this action be dismissed under § 1915(e)(2)(B)(ii) and that Angrimson's application to proceed IFP be denied. Because Angrimson's complaint may be amenable to repleading, however, it is recommended that this action be dismissed *without* prejudice.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

---

[2] Angrimson alleges that this action is related to another lawsuit, but this is the first action that Angrimson has filed in the District of Minnesota (or any other federal district), and this Court could not locate any lawsuit filed by Angrimson in Minnesota state court.

1. This action be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Plaintiff Dean Angrimson's application to proceed *in forma pauperis* [ECF No. 2] be DENIED.

Dated: June 7, 2017

*s/ David T. Schultz*
David T. Schultz
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).